IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DAVID SMILEY,

    Plaintiff,

v.                              CASE NO.:  4:15-cv-527-MW-CAS

CITY OF TALLAHASSEE, FLORIDA,
TRACY "BILLY" HARTSFIELD, individually,
TYLER HALL, individually, and
MARK ADRICK, individually,

    Defendant.
_____/

## ANSWER AND AFFIRMATIVE DEFENSES
## OF DEFENDANT TYLER HALL

Comes now Defendant, Tyler Hall (Officer Hall), through undersigned counsel, and files the following answer and affirmative defenses to the plaintiff's complaint:

### JURISDICTION

1-2.    Defendant admits the allegations of paragraphs 1-2 of plaintiff's complaint, but deny any implication that plaintiff is entitled to any relief herein.

### PARTIES

3-8.    Defendant admits the allegations of paragraphs 3-8 of plaintiff's complaint, but deny any implication that plaintiff is entitled to any relief herein.

## CONDITIONS PRECEDENT

9. Admitted.

## FACTS

10. Defendant is without knowledge as to, and therefore denies all allegations set forth in paragraph 10 of plaintiff's complaint.

11. Defendant is without knowledge as to, and therefore denies all allegations set forth in paragraph 11 of plaintiff's complaint.

12. Defendant is without knowledge as to, and therefore denies all allegations set forth in paragraph 12 of plaintiff's complaint.

13. Defendant admits that plaintiff ran. Defendant is without knowledge as to, and therefore denies all other allegations set forth in paragraph 13 of plaintiff's complaint.

14. Denied.

15. Denied. .

16. Defendant is without knowledge as to, and therefore denies all allegations set forth in paragraph 16 of plaintiff's complaint.

17. Denied.

18. Denied.

## COUNT I

19. Denied.

20. Defendant admits the allegations of paragraph 20 of plaintiff's complaint, but deny any implication that plaintiff is entitled to any relief herein

21. Denied.

22. Denied.

23. Denied.

24. Denied.

## COUNT II

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

## COUNT III

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Defendant admits that at all times pertinent herein he was acting under color of state law and within the scope and authority of his employment with the City as a Tallahassee police officer. All other allegations of paragraph 38 are denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Defendant denies any failure to train, supervise, investigate and discipline the individual Defendants.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

## COUNT IV

58. Denied.

59. Denied.

60. Denied.

## COUNT V

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. A jury trial is demanded on all issues so triable.

## **AFFIRMATIVE DEFENSES**

### **First Affirmative Defense**

Plaintiff's complaint fails to allege sufficient allegations to state a claim for which relief can be granted.

### Second Affirmative Defense

Any actions by the Officer Hall towards plaintiff were in good faith and without malice and based on facts and circumstances observed by Officer Hall.

### Third Affirmative Defense

Officer Hall's conduct was not the proximate cause of any injury to the plaintiff because of circumstances and events leading to the alleged injuries were not foreseeable to Officer Hall, were consequences of the conduct of the plaintiff, and were so remote in time and place from Officer Hall's conduct.

### Fourth Affirmative Defense

At times material hereto, Officer Hall had probable cause or arguable probable cause to detain and/or arrest plaintiff.

### Fifth Affirmative Defense

At all times pertinent hereto the Officer Hall was acting within the scope and discretionary authority of his employment with the City as a Tallahassee police officer.

### Sixth Affirmative Defense

Plaintiff has failed to mitigate his damages.

### Seventh Affirmative Defense

Any force used by Officer Hall to secure and/or arrest plaintiff was reasonable and justified under the circumstances.

### Eighth Affirmative Defense

Officer Hall is entitled to all provision and statutory caps as fully set forth in Florida Statutes § 768.28.

### Ninth Affirmative Defense

Officer Hall is entitled to any setoff of any annual payments or collateral sources that plaintiff received or is entitled to receive from any third parties as a result of his alleged injuries pursuant to Florida Statute § 768.76.

### Tenth Affirmative Defense

Officer Hall is entitled to qualified immunity for his actions which were taken pursuant to his discretionary authority and his conduct did not violate any clearly established statutory or constitutional right of which a reasonable person would have known. Additionally, Officer Hall did not know or could not be expected to reasonably know his actions would violate an alleged constitutional norm as alleged in plaintiff's complaint. Officer Hall further alleges that at all times herein mentioned he acted in good faith and without malice in the course and scope of his duties as a law enforcement officer.

### Eleventh Affirmative Defense

At no time did Officer Hall actually deprive plaintiff of his clearly established constitutional rights.

**Twelfth Affirmative Defense**

Officer Hall is not liable for punitive damages because none of his actions were taken or committed with malice, fraud, wantonness, or oppression or entire want of care which would raise the presumption of conscious indifference to the consequences to the rights of plaintiff by clear and convincing evidence.

**Thirteenth Affirmative Defense**

Officer Hall reserves the right to assert further affirmative defenses as they become evident through discovery or investigation.

WHEREFORE, having fully answered plaintiff's complaint, and having set forth the affirmative defenses thereto, Officer Hall respectfully prays that plaintiff's complaint be dismissed in its entirety and/or that judgment be entered against plaintiff and in favor of Officer Hall on all or part of plaintiff's claims, and that further, Officer Hall be awarded his costs in defending this action including a reasonable attorney's fees under the statutory sections cited in the complaint, and such and further relief as this Court deems appropriate.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 23rd day of November 2015 a true and

correct copy of the foregoing was furnished to all counsel registered to be notified by the CM/ECF electronic mail system.

>*/s Billy J. Hendrix*
>BILLY J. HENDRIX
>Assistant City Attorney
>FBN: 849529
>City Attorney's Office
>300 South Adams Street, Box A-5
>Tallahassee, FL 32301
>(850) 891-8554
>Fax: (850) 891-8973
>Billy.Hendrix@talgov.com
>ATTORNEYS FOR DEFENDANTS